UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARCUS J. LAWRENCE, SR.,                                                                    Plaintiff,

v.                                                                              Civil Action No. 3:14-cv-P919-DJH

LADONNA H. THOMPSON *et al.*,                                                               Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus J. Lawrence, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983. This matter is before the Court upon a motion to appoint counsel (DN 32) by Plaintiff. For the following reasons, Plaintiff's motion will be denied.

In support of his motion, Plaintiff states that he is entitled to counsel because this case presents complex legal issues; because he is not allowed to use the legal library or a type-writer at Kentucky State Reformatory (KSR), where he is incarcerated; and because Defendants have counsel.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06; s*ee also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'

This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Here, the Court finds that there are no exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's described circumstances which he claims necessitate the appointment of counsel are not atypical of prisoner litigants. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). In addition, although Plaintiff claims he has no access to the law library, his motions and briefs are replete with citations to court cases and laws. Furthermore, most *pro se* litigants face defendants who are represented by counsel. Finally, based on a review of the documents filed by Plaintiff thus far, it appears that he is logical in his arguments and familiar with the workings of the legal system and, therefore, able to represent himself sufficiently at this time.

In his motion, Plaintiff also requests that Defendants' counsel, Oran S. McFarlan, III, (Attorney McFarlan) be added as a defendant in this case. However, Plaintiff has stated no legitimate reason for such and the Court has already instructed Plaintiff that he may not add parties to this action by adding them to the caption of his filings. As such, Attorney McFarlan shall not be considered a party to this action.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (DN 32) is **DENIED**.

Date: January 23, 2016

                                                 **David J. Hale, Judge**
                                            **United States District Court**

cc:     Plaintiff, *pro se*
         Counsel of Record
4415.011

3