UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARCUS J. LAWRENCE, SR.,     Plaintiff,

v.     Civil Action No. 3:14-cv-919-DJH

LADONNA H. THOMPSON *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcus J. Lawrence, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983. This matter is before the Court upon two related motions - a motion for discovery by Plaintiff (DN 41) and a motion to seal security camera footage by Defendants (DN 40).[1] For the following reasons, Plaintiff's motion for discovery will be **GRANTED in part and DENIED in part,** and Defendants' motion to seal will be **GRANTED.**

## ANALYSIS

In his complaint, Plaintiff brought claims against multiple individuals alleging several types of improper conduct by officials and employees at Kentucky State Reformatory (KSR). Upon completion of the Court's initial screening of the complaint pursuant to 28 U.S.C. § 1915A, the only claims that survived were Plaintiff's claims against the remaining two Defendants - Senior Captain Kevin R. Mazza and Lieutenant Joshua Schank - for excessive force, assault and battery, and retaliation.

---

[1] In considering these motions, the Court will also consider Plaintiff's "Notice to Clerk" (DN 30) in which he discusses his need to see the security camera footage at issue in Defendants' motion to seal.

**A. Security Camera Footage**

In his motion for discovery, Plaintiff asks the Court to compel Defendants to produce for inspection "all 24 hour wall mounted surveillance video tapes from THE KENTUCKY STATE REFORMATORY'S Dorm 4, on October 9, 2014, from 5 p.m. to 7 p.m." [2,3]

Throughout this litigation, Plaintiff has requested access to the security camera footage showing his interaction with Defendants on October 9, 2014, the date that Plaintiff claims Defendants used excessive force against him. According to Plaintiff, he needs to view the security camera footage so that he can correctly identify and name as defendants all of the officers who were involved in the incident (DN 30). He states that the two remaining Defendants - Captain Mazza and Lt. Schank - were only included in this lawsuit because he was told by other officers that they were involved. He also states that at least three other unidentified officers were involved and that he can only identify these individuals by viewing the security camera footage of the incident.

In their motion to seal and their response to Plaintiff's motion for discovery, Defendants concede that the security camera video is relevant to Plaintiff's claims and state that they intend to rely on it in support of their motion for summary judgment. Defendants argue, however, that disclosure of the security camera footage to Plaintiff would constitute a threat to the security of the inmates, correctional staff, and the institution.

---

[2] In their response, Defendants note that Plaintiff did not serve any discovery requests upon them prior to the November 23, 2015, discovery deadline established in the Court's Scheduling Order (DN 27) and that the time to request these materials has passed. The Court notes, however, that Plaintiff filed a "Notice to Clerk" (DN 30) on July 13, 2015, stating that he needed to view the security camera footage and that he filed this motion for discovery on November 30, 2015. Considering Plaintiff's *pro se* status, the Court will exercise its discretion to overlook the minor untimeliness of the motion and consider its merits.

[3] Plaintiff also asks the Court to impose sanctions upon Defendants for failing to produce this evidence. The Court finds that sanctions are not warranted because there is no evidence that Defendants have failed to cooperate in discovery due to willfulness, bad faith, or fault. *See O'Brien v. Ed Donnelly Enters.*, No. 2:04-cv-85, 2010 U.S. Dist. LEXIS 42271, at *8 (S.D. Ohio April 29, 2010)(quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

Courts have long recognized the "dangers supposed to arise from the taking of ex parte evidence." *Patapsco Ins. Co. v. Southgate*, 30 U.S. 604 (1831); *see also Chaplin v. Kirwin*, 1 U.S. 187 (1786). Courts have also regularly cautioned that when a decision-maker relies on *ex parte* evidence in reaching his conclusion, a violation of the other party's right to procedural due process may occur. *See, e.g.*, *Tenn. Secondary School Athletic Ass'n v. Brentwood Acad.*, 551 U.S. 291 (2007); *see also Kenny A. ex. rel. Winn v. Perdue*, 547 F.3d 1319, 1326-27 (11th Cir. 2008) (noting that "the district judge failed to comprehend the due process implications of what he was doing" when he reached a decision based on *ex parte* evidence). It is beyond debate that a party retains "the right to know what information is being submitted to the decision-maker and the opportunity to challenge the reliability of the government's sources as well as provide contrary information." *United States v. Accetturo*, 783 F.2d 382, 390 (3d Cir. 1986).

These holdings make clear why one district court rejected a magistrate judge's report and recommendation when it granted summary judgment to the defendants without allowing the plaintiff, a state prisoner who had brought an action for excessive force under 42 U.S.C. § 1983, to view a "silent still-frame videotape" which contained "key evidence." *Evans v. Mallory*, No. 08-12725, 2009 U.S. Dist. LEXIS 79069 (E.D. Mich. Sept. 2, 2009). Similarly, in *Pugh v. Terhune*, the court ordered defendants in a 42 U.SC. § 1983 action brought by a *pro se* prisoner to make a prison videotape which defendants had filed in support of their motion for summary judgment available to the plaintiff for a viewing. No. CV F 01 5017 OWW LJO P, 2005 U.S. Dist. LEXIS 24593 (E.D. Cal. Oct. 6, 2005); *see also Wallace v. Walker*, Case No. 5:13CV00068 JLH/JTR, 2014 U.S. Dist. LEXIS 3531 (E.D. Ark. 2014) (requiring defendants to allow § 1983 plaintiff to view prison surveillance video at least two weeks before his response to summary judgment would be due).

Because Defendants concede that the security camera footage Plaintiff requests is "relevant" to Plaintiff's claims and state that they will rely on it support of their motion for summary judgment (DN 44), the Court holds that Defendants must make the footage available for Plaintiff to view and will, therefore, grant Plaintiff's motion for discovery in this regard.

However, the Court finds that Defendants have set forth a compelling argument for placing the surveillance footage under seal. Although the Kentucky Open Records Act, related state laws, and opinions of the Kentucky Attorney General interpreting such are not controlling in regard to whether judicial records should be placed under seal in this federal action, they do offer helpful insight. For example, the Kentucky Attorney General has opined that the release of prison surveillance footage to the public could pose a threat to "the safety and security of the inmates, staff, and institution" because the footage may reveal the institution's "methods or practices in obtaining the video" and "show areas where the camera is capable of focusing and blind spots outside the camera's range." *See, e.g.*, Ky. Att'y Gen. Op. 07-ORD-168 (citing several previous opinions and denying a newspaper's open records request for prison surveillance video of a specific incident). The Court also notes that other courts have held that such footage may be properly placed under seal for security reasons. *See, e.g.*, *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 U.S. Dist. LEXIS 84998, at *6-7 (D.C. Idaho June 29, 2015); *Pugh v. Terhune,* 2005 U.S. Dist. LEXIS 24593, at *3. The Court will therefore grant Plaintiff's motion to seal.

### B. Telephone Records and Audio Tapes

In his motion for discovery, Plaintiff asks the Court to compel Defendants to produce for inspection all "telephone records & recorded audio tapes . . . from THE KENTUCKY STATE REFORMATORY'S Dorm 4, on October 9, 2014, from 5 p.m. to 7 p.m." With regard to the

4

telephone and audio tapes, Defendants state that "(a) there are no responsive audio or telephone recordings and (b) there are no responsive telephone records." The Court notes that Defendants must produce only responsive documents which are in their care, custody, or control. *See, e.g.*, *Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170 (S.D. Ohio 2012). Because Plaintiff has made no argument or presented any evidence to the contrary, the Court presumes that counsel has fulfilled his affirmative obligation to ensure that Defendants' representation as to this evidence is accurate. *See, e.g.*, *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995). Therefore, Plaintiff's motion for discovery regarding telephone records and audio tapes must be denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for discovery (DN 41) is **GRANTED in part and DENIED in part** and that Defendants' motion to seal (DN 40) is **GRANTED.**

**IT IS FURTHER ORDERED** as follows:

1) Defendants **SHALL** make a copy of the security camera footage available to Plaintiff for viewing;

2) Within 21 days of the date of this Order, Defendants **SHALL** file a "Status Report" indicating the date Plaintiff viewed the security camera footage or that reasonable opportunity to view the tape was made to Plaintiff but not accepted;

3) Because Defendants have now filed their motion for summary judgment (DN 44), the exhibit containing the surveillance footage **SHALL** be filed under seal;

4) Within 30 days of viewing the security camera footage, Plaintiff **SHALL** respond to Defendants' pending motion for summary judgment;

5) In addition, within 30 days of reviewing the security camera footage, and if the security camera footage reveals such information, Plaintiff **SHALL** file a motion for leave to amend his complaint to correctly name all Defendants; and

6) If the Court grants Plaintiff leave to amend his complaint and determines that Plaintiff's claims against additional Defendants shall go forward, it will issue a new scheduling order to govern any additional pretrial deadlines.

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4415.011

January 27, 2016

**David J. Hale, Judge**
**United States District Court**